**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000


**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Phone 503-847-4329


Of Attorneys for Ms. Gilberto


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION


| | |
|---|---|
| **HEATHER GILBERTO**, individually and on behalf of other customers,<br><br>            Plaintiff,<br><br>    v.<br><br>**WALGREEN CO.**,<br><br>            Defendant. | Case No. 3:18-cv-1003<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Unlawful Trade Practices<br><br>Unjust Enrichment<br><br>Demand for Jury Trial |


**CLASS ACTION COMPLAINT** – Page 1 of 17

1.

## INTRODUCTION

Heather Gilberto files this class action on behalf of thousands of other Oregon Walgreens customers who were charged bottle deposits on exempt beverages that could not be refunded under Oregon law. When Ms. Gilberto learned that Walgreens charged her bottle deposits on exempt beverages, she complained but Walgreens refused to give her a cash refund. She now seeks $200 statutory damages for every customer ripped off by Walgreens's reckless bottle deposit scam.

2.

Walgreens is a national retail chain with 76 stores in Oregon and over $100 billion in annual revenue. Walgreens understands that the retail industry involves tight profit margins and high sales volumes. Walgreens understands that it's profitable to collect 10-cent deposits on exempt beverages that its customers will never be able to exchange for a refund. Walgreens understands that Oregon law does not permit it to collect bottle deposits on exempt beverages but continues to overcharge its customers anyway.

3.

Oregon Walgreens customers who were charged a 10-cent bottle deposit on an exempt beverage in the past year can learn more about their legal options at WalgreensCustomers.com.

**CLASS ACTION COMPLAINT** – Page 2 of 17

4.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1332 because the refunds and penalties sought in this case exceed $5 million, and because Ms. Gilberto is a citizen of Oregon and Walgreens is a citizen of Illinois.

5.

Walgreen Co. (Walgreens) is an Illinois corporation and a "person" as defined at ORS 646.605(4) that regularly advertises beverages for sale to Oregon customers.

6.

Heather Gilberto (Ms. Gilberto) is an Oregon citizen and a Walgreens customer and a "person" as defined at ORS 646.605(4) who bought beverages at Walgreens for her family's personal consumption.

7.

Venue is proper under 28 U.S.C. § 1391 because the bulk of Walgreens's sales of exempt beverages as alleged in this complaint took place in the Portland, Oregon area.

**CLASS ACTION COMPLAINT** – Page 3 of 17

8.

## FACTUAL ALLEGATIONS

Many beverages sold by Walgreens, including most beverages in bottles or cans that are sold in sealed glass, metal, and plastic, require a 10-cent deposit under Oregon law. Under Oregon law, Walgreens must charge customers a 10-cent refundable deposit for these beverages, in addition to the advertised product price. Under Oregon law, after customers have consumed these beverages, they may return their empty containers for a 10-cent refund.

9.

Under Oregon law, certain beverages are exempt from the 10-cent deposit. Exempt beverage containers cannot be returned for a 10-cent refund. Exempt beverages include products sold in cartons, drink boxes, and foil pouches.

10.

On May 31, 2018, Ms. Gilberto stopped into a Walgreens store in the Salem, Oregon area to purchase beverages for her family. Inside its store, Walgreens advertised boxes of juice and chocolate milk and advertised that its beverage containers could be returned for refunds. Ms. Gilberto purchased various boxes of juice and chocolate milk from Walgreens, and Walgreens collected a 10-cent deposit from her for each box.

**CLASS ACTION COMPLAINT** – Page 4 of 17

11.

When Ms. Gilberto learned that the boxes she purchased from Walgreens were not eligible for a 10-cent deposit refund under Oregon law, she complained to Walgreens management and to corporate, but Walgreens refused to give her a cash refund of the 10-cent deposits it charged her for its exempt beverages. Corporate said they would call Ms. Gilberto back but never did.

12.

Ms. Gilberto was not going to let Walgreens get away with what she perceived as an unfair and unjust practice, so she called a consumer protection attorney for advice. Investigation into Walgreens's business practices across the State of Oregon revealed that Ms. Gilberto was not alone.

13.

Private investigation revealed that in Oregon stores from Portland to Salem, Walgreens regularly charged customers a 10-cent deposit on exempt beverages that could not be returned for a refund under Oregon law. As explained below, Walgreens's choice to collect 10-cent deposits on exempt beverages violated Oregon's Unlawful Trade Practices Act in several ways.

**CLASS ACTION COMPLAINT** – Page 5 of 17

14.

Walgreens violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(b)) by causing the likelihood of confusion and misunderstanding as to whether Oregon law was the source of its bottle deposit requirement for exempt beverages.

15.

Walgreens violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(e)) by representing that the bottle deposit associated with its exempt beverages had characteristics and qualities that the bottle deposit did not have, including its failure to disclose that the bottle deposit was not permissible under Oregon law and its failure to disclose that the bottle deposit was not refundable under Oregon law.

16.

Walgreens violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(g)) by falsely representing that its bottle deposits associated with its exempt beverages were of a particular quality, including its failure to disclose that its bottle deposits on exempt beverages were not permissible under Oregon law, and its failure to disclose that its bottle deposits on exempt beverages were not refundable under Oregon law.

17.

Walgreens violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(i)) by advertising its exempt beverages as having a certain cost, with the intent not to provide its exempt beverages for the advertised cost, including its failure to disclose that it intended to charge a bottle deposit cost at the register for exempt beverages that were not advertised as containing a bottle deposit cost on its beverage labels or on the price tags advertised on its shelves. Walgreens also violated Oregon's Unlawful Trade Practices Act (ORS 646.608(i)) by advertising its bottle deposits on exempt items as refundable, with the intent to provide customers beverage containers that could not be returned for a refund.

18.

Walgreens violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(s)) by making false and misleading representations about the cost its customers would pay for its exempt beverages, including its failure to disclose that it intended to charge a bottle deposit cost at the register for exempt beverages that were not advertised as containing a bottle deposit cost on its beverage labels or on the price tags advertised on its shelves.

19.

Walgreens violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(t) by, concurrent with tender and delivery of beverages it knew were exempt from a bottle deposit under Oregon law, knowingly failing to disclose that the bottle deposit it charged did not conform to Oregon law, and by failing to disclose that the bottle deposit on its exempt beverages was not refundable under Oregon law.

20.

Walgreens's violations of Oregon's Unlawful Trade Practices Act above were willful and reckless because Walgreens knew it could not charge customers a 10-cent deposit on exempt beverages and chose to do so anyway. Walgreens recklessly continued to violate Oregon's Unlawful Trade Practices Act by charging 10-cent deposits on exempt beverages, even after Ms. Gilberto notified corporate of her complaint.

21.

As a result of Walgreens's violations of Oregon's Unlawful Trade Practices Act as alleged above, Ms. Gilberto and thousands of other Oregon customers suffered ascertainable losses of the 10-cent deposits Walgreens unlawfully charged them on exempt beverages. Ms. Gilberto and each member of the putative Oregon class suffered actual ascertainable loss of the 10-cents they were charged by Walgreens which was 10-cents more than they would have paid for the same exempt beverage at a different Oregon store that chose not to violate Oregon law.

22.

## CLASS ACTION ALLEGATIONS

Under FRCP 23, Ms. Gilberto brings this action on behalf of herself and all other similarly situated Oregon Walgreens customers. The class is initially defined as:

a) Oregon Walgreens customers, who, after January 1, 2018,

b) were charged a 10-cent deposit by Walgreens on an exempt beverage in a container that could not be returned for a refund under Oregon law.

**CLASS ACTION COMPLAINT** – Page 9 of 17

23.

A class action is proper under FRCP 23(a) because based on the number of Walgreens stores in Oregon, and based on information that Walgreens's unlawful behavior took place in stores from Portland to Salem, the class consists of thousands of individual Oregon customers, and joinder of all members is impracticable. Each class member is identifiable based on Walgreens's Balance® Rewards Program records, Walgreens's receipts, Walgreens's credit card transactions, and based on independently submitted claim forms. Excluded from the class are all attorneys for the class, executives of Walgreens, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

24.

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to:

a) Whether Walgreens caused the likelihood of confusion and misunderstanding as to the source of the bottle deposit required associated with its exempt beverages,

b) Whether Walgreens represented that the bottle deposit associated with its exempt beverages had characteristics and qualities that the bottle deposit did not have,

c)  Whether Walgreens falsely represented that its bottle deposits associated with its exempt beverages were of a particular quality,

d)  Whether Walgreens advertised its exempt beverages as having a certain cost, with the intent not to provide its exempt beverages for the advertised cost,

e)  Whether Walgreens advertised its bottle deposits on exempt items as refundable, with the intent to provide customers beverage containers that could not be returned for a refund,

f)  Whether Walgreens made false and misleading representations about the cost its customers would pay for its exempt beverages,

g)  Whether Walgreens, concurrent with tender and delivery of beverages it knew were exempt from a bottle deposit under Oregon law, knowingly failed to disclose that the bottle deposit it charged did not conform to Oregon law, and knowingly failed to disclose that the bottle deposit on its exempt beverages was not refundable under Oregon law,

h)  Whether Walgreens behaved willfully, recklessly or maliciously, whether Walgreens's behavior as alleged in this complaint violated Oregon's Unlawful Trade Practices Act, and whether under Oregon law, Walgreens should be able to retain the 10-cent bottle deposits it wrongfully collected.

**CLASS ACTION COMPLAINT** – Page 11 of 17

25.

Ms. Gilberto's claims are typical of the claims of the class members, as they are based on the same factual circumstances, common representations, common omissions, and legal theories. Ms. Gilberto has no interests adverse to the class members. Ms. Gilberto will fairly and adequately represent and protect the interests of the members of the class. Ms. Gilberto has retained nationally known and locally respected counsel experienced in class action litigation to further ensure such representation and protection of the class. Ms. Gilberto and her counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

26.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Few, if any, class members can afford to prosecute individual actions against Walgreens, especially in light of the 10-cent deposit at issue. Absent class treatment, Walgreens's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

**CLASS ACTION COMPLAINT** – Page 12 of 17

27.

The nature of the 10-cent deposit at issue means that very few, if any class members will choose to litigate a claim on an individual basis. This case is only economically viable as a class action.

28.

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of Walgreens's behavior as alleged in this complaint predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,

b) The common questions of law and fact described above predominate over questions affecting only individual members,

c) Individual class members would have little interest in controlling the prosecution of separate actions due to the nature of the 10-cent deposit at issue and because of the expenses of litigation,

d) This is a desirable forum because this Court has significant experience managing class actions, and

e) A class action will be an efficient method of adjudicating the claims of the class members.

**CLASS ACTION COMPLAINT** – Page 13 of 17

29.

## CLAIMS FOR RELIEF

### – Claim 1 for Violation of the UTPA –

Walgreens's behavior as alleged in this complaint willfully and recklessly violated Oregon's Unlawful Trade Practices Act, including ORS 646.608(1)(b), (e), (g), (i), (s), and (t), causing customers ascertainable losses of 10-cent bottle deposits on exempt beverages that they could have purchased at a different Oregon store without paying a 10-cent bottle deposit, for containers that also could not be turned in for a 10-cent refund, or that they could have purchased at Walgreens for 10-cents less had Walgreens not unlawfully added a 10-cent deposit charge.

30.

Walgreens's behavior as alleged in this complaint was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the rights of Ms. Gilberto and the putative class members to be free from unlawful trade practices. As a result of Walgreens's violation of Oregon's Unlawful Trade Practices Act as alleged above, Ms. Gilberto and all other similarly situated individual customers are entitled to actual damages or $200 statutory damages, punitive damages, and reimbursed litigation expenses, fees and costs under ORS 646.638.

**CLASS ACTION COMPLAINT** – Page 14 of 17

31.

**– Claim 2 for Unjust Enrichment –**

As a matter of justice and equity, Walgreens should not be able to retain the 10-cent bottle deposits it wrongfully collected from Ms. Gilberto and the putative class under these circumstances. Ms. Gilberto and the putative class are entitled to restitution based on Walgreens's unjust enrichment as alleged in this complaint.

32.

Demand for jury trial.

## PRAYER FOR RELIEF

Ms. Gilberto seeks relief as follows:

**A.** An order that this case may proceed as a class action and an order that Walgreens violated Oregon's Unlawful Trade Practices Act,

**B.** An order and judgment in favor of Ms. Gilberto and the class against Walgreens for damages determined to have been sustained by them, including actual damages or $200 statutory damages, punitive damages, and equitable relief and reimbursement of their litigation expenses, fees and costs,

**C.** An order and judgment in favor of Ms. Gilberto and the class against Walgreens for maximum pre-judgment and post-judgment interest, and

**D.** For any other relief this Court may determine is fair and proper.

June 7, 2018

RESPECTFULLY FILED,

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Ms. Gilberto
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**CLASS ACTION COMPLAINT** – Page 16 of 17

## PROOF OF MAILING

I declare and certify that on the date below I caused a copy of this complaint to be mailed to the following:

> **Ellen Rosenblum**
> **Oregon Attorney General**
> **Oregon Department of Justice**
> **1162 Court Street NE**
> **Salem, Oregon 97301-4096**

June 7, 2018

<div style="margin-left:40%">

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Ms. Gilberto
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

</div>

**CLASS ACTION COMPLAINT** – Page 17 of 17