IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER GILBERTO, individually and on behalf of other customers,

        Plaintiff,

v.

WALGREEN CO.,

        Defendant.

No. 3:18-cv-01003-AC

ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Acosta issued a Findings and Recommendation [30] on November 20, 2019, in which he recommends that this Court grant Defendant's Motion to Dismiss [13] and give Plaintiff leave to amend. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff and Defendant both filed timely objections to the Magistrate Judge's Findings & Recommendation. Pl. Obj., ECF 33; Def. Obj., ECF 32. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo*

1 - ORDER

determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Together, Plaintiff and Defendant object to each of the Magistrate Judge's findings. The Magistrate Judge found that Plaintiff had not alleged actionable violations of Oregon's Unlawful Trade Practices Act (UTPA) under Or. Rev. Stat. § ("O.R.S.") 646.608(1)(b), (e), (i), (t), and (j). F&R at 18–30. He concluded, however, that Plaintiff sufficiently pleaded a violation of ORS 646.608(1)(s). *Id.* at 26–27. The Magistrate Judge also found that Plaintiff has failed to allege that she and the putative class members suffered an ascertainable loss and that Defendant acted knowingly or recklessly as required to maintain a class action under the UTPA. *Id.* at 30–37.

The Court adopts these findings in part. The Court agrees with the Magistrate Judge that Plaintiff: (1) failed to allege violations of ORS 646.608(1)(b), (t), and (j); (2) sufficiently stated a claim for a violation of ORS 646.608(1)(s); and (3) failed to allege that she and the putative class members suffered an ascertainable loss. The Court, however, declines to adopt the Magistrate Judge's findings that Plaintiff has failed to adequately allege claims for violations of ORS 646.608(1)(e) and (i) and knowing or reckless conduct by Defendant.

Plaintiff has adequately stated claims for violations of ORS 646.608(1)(e) and (i). Subsection (e) makes it unlawful to "represent[] that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have[.]" O.R.S. 646.608(1)(e). The Court cannot conclude at this stage in the proceedings that, as a matter of law, redeemability of the drink boxes is not a "characteristic" or "quality" of the good under Oregon law. Even assuming that, as the Magistrate Judge concluded, the statute "is concerned with misrepresentations as to the inherent

2 - ORDER

characteristics or qualities of a good," *see* F&R 22 (citing *Caldwell v. Pop's Homes, Inc.*, 54 Or. App. 104 (1981) and *Feitler v. Animation Celection, Inc.*, 170 Or. App. 702 (2000)), whether the redeemability of the packaging is a distinguishing attribute of a good, increases the value of a good, or might induce a reasonable consumer to purchase one good over another is a question more appropriate for summary judgment.

Subsection (i) makes it unlawful to "[a]dvertise[] real estate, goods or services with intent not to provide the real estate, goods or services as advertised[.]" O.R.S. 646.608(1)(i). In this case, Plaintiff alleges that Defendant "advertis[ed] on the price tags on its shelves that the exempt beverage containers would be redeemable in the amount of the 10-cent bottle deposit charge" even though it did not intend that the containers would be redeemable. Am. Compl. ¶ 17. The Court agrees with the Magistrate Judge that such a representation constitutes advertising as to a good. *See* F&R at 24. But it disagrees that Plaintiff has not adequately alleged intent. Although Plaintiff does not allege that she sought to return the containers and Defendant denied the redemption, she does allege that she complained to Defendant about the 10-cent charge and that Defendant refused to refund the money:

> When Ms. Gilberto learned that the boxes she purchased from Walgreens were not eligible for a 10-cent deposit refund under Oregon law, she complained to Walgreens management and to corporate, but Walgreens refused to give her a cash refund of the 10-cent overcharges it assessed against her for its exempt beverages. Corporate said they would call Ms. Gilberto back but never did.

Am Compl. ¶ 10. From this, it is plausible that Defendant did not intend to provide the goods as advertised. Accordingly, the Court declines to adopt the Magistrate Judge's findings that Plaintiff cannot bring claims under O.R.S. 646.606(1)(e) and (i).

The Court also finds that Plaintiff has plausibly alleged that Defendant was reckless as required to maintain a class action under Oregon's UTPA. *See* O.R.S. 646.638(8)(a) (requiring

3 - ORDER

Plaintiff to establish that Defendant's unlawful act was reckless or knowing). Again, in the Amended Complaint, Plaintiff alleges that she complained to corporate management and corporate counsel after learning that the drink boxes were not redeemable, and Defendant refused to give her a refund for the overcharges. Am. Compl. ¶ 10. Plaintiff also alleges that even after she complained, Defendant "recklessly continued to violate Oregon's [UTPA] by charging 10-cent deposits on exempt beverages[.]" Am. Compl. ¶ 21. Viewing these facts in the light most favorable to Plaintiff, the Court can reasonably infer that Defendant acted recklessly: Plaintiff complained about the 10-cent deposit to Defendant, Defendant was put on notice of its potential UTPA violation, and Defendant continued to apply the 10-cent deposit to exempt beverage containers. Accordingly, the Court declines to adopt the Magistrate Judge's finding that Plaintiff has not adequately alleged recklessness.

The Court has carefully considered the remainder of Plaintiff's and Defendant's objections, has reviewed the pertinent portions of the record *de novo*, and finds no other error in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS in part Magistrate Judge Acosta's Findings and Recommendation [30]. Defendant's Motion to Dismiss [13] is GRANTED in part and DENIED in part. Plaintiff shall file an amended complaint within 30 days of this Order.

IT IS SO ORDERED.

DATED:  April 15, 2020  .

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

4 - ORDER